Lee, J.
This is an appeal from an order in chancery of the Circuit court of Scott county, made upon the 12th of April 1850, by which a suit instituted by the appellant against the appellees and others was dismissed at the appellant’s costs, by reason of his failure to comply with the requisition of a rule previously taken against him for security for costs and the fees that might be due the officers of the court. The rule was taken on the 11th of September 1849. On the 12th of April 1850, the appellees moved the court to dismiss the case because the appellant had failed to give the required security. The appellant thereupon introduced a witness, by whom he proved that his dwelling and the house in which his family resided was on the Virginia side of the state line, and that the *208 appellant was, as the witness understood, still living. wifh his family. He also proved by another witness he (the appellant) was a citizen of Scott county, according to the marked state line, which ran fifteen or twenty feet from his house. The appellees to rebut this evidence, thereupon introduced one Mclver, a former deputy sheriff of the county, who proved that he had had a process against the appellant, and on two occasions had gone to his house without finding him; and that he did not go again to the house' because he was informed by the neighbors that the appellant would not let him see him. This appearing to be all the evidence offered on the subject, the court was of opinion that the appellees were entitled to have the suit dismissed, and an order was made accordingly, requiring also the appellant'to pay the appellees’ costs. The appellant excepted to the opinion of the court thus pronounced, and tendered to the court a bill of exceptions setting out the evidence above detailed, which was received by the court and signed and sealed, and ordered to be made a part of the record of the cause. And to this order of dismissal an appeal to this court has been allowed.
It may be true, as contended by the counsel for the appellees, that a bill of exceptions is a proceeding technically appropriate to courts of law, and is as such unknown in the court of chancery; yet where that mode is adopted of making a written memorial of oral testimony heard by the chancellor upon a collateral question arising before him, no reason is perceived why the appellate court should not consider the evidence thus embodied in passing upon the action of the court which appears to have been founded upon it. Although a judge sitting as a chancellor may not be required to receive or sign a bill of exceptions setting out the evidence upon which he may have decided, yet if he shall have done so, and ordered it to *209 be made part of the record of the case, the evidence becomes as much a part of the case as if it had been taken in the most formal manner as a deposition, and filed as evidence in the cause ; and as such, must be considered by this court in reviewing the action of the Circuit court. Nor would it seem to be an inconvenient mode of preserving on the record the facts involved in a question arising collaterally in a chancery cause, and disposed of by the court.
But it is objected that the court does not certify that the evidence set out was all the evidence heard by the court, nor what part of it, if any, was credited by the court. The memorial of the evidence made by the court is not to be regarded as a formal bill of exceptions, nor subject to the technical rules which preyail in the courts of law in the construction of the latter. It was manifestly intended by the court to be a certificate of all the evidence heard on the motion, and upon which its decision was based. If there was any other evidence before the court, it was the duty of the appellees to cause it to .be embodied in the memorial, or to be preserved in some proper form and filed as part of the case. Nor was it necessary for the court to certify what part if any of the evidence was credited. There is no conflict in the testimony of the three witnesses examined, but the testimony of each may well consist with that of both the others, and in the absence of any reason to the ’contrary, the testimony of all the witnesses should receive equal credit.
The act of assembly under which this proceeding was had, provided that any suit at law. or in equity, in the name of any person not residing in Virginia, should be dismissed if security were not given for costs and damages and officers’ fees, within sixty days after notice that such security was required. And it contained a further provision, that where a question should arise as to the nonresidence of the plaintiff, the burthen of' *210 proving such residence should be upon him. 1 Eev. Code 1819, p. 495, § 28. Thus the only question for court to decide upon the rule was, Whether the presumption raised by the act that the appellant was not a resident of Virginia, was sufficiently met by proof on his part that he was in fact a resident of the state ? The court decided that he had failed to prove his residence to be in Virginia, and dismissed his suit. In this the court erred. Proof that he was a man of family, that so far as known he lived with his family, and that the house in which they lived, though very near the marked line between the states of Virginia and Tennessee, was yet some fifteen or twenty feet within the line on the Virginia side, and that he was a citizen of Scott county, according to that line, was sufficient prima facie proof that he was a resident of Virginia, liable to perform the duties of a citizen of that state, and entitled to his privileges. That the deputy sheriff had failed on two occasions to find him at his house, and that it was thought he did not wish to see that functionary, proved nothing incompatible with his being a resident of the state.
The order dismissing the case should be annulled, with costs to the appellant, the rule for security for costs discharged, and the cause remanded to the circuit court for further proceedings therein to be had.
The other judges concurred in the opinion of Lee, J.
Decree reversed.